**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

KINSALE INSURANCE COMPANY,

      Plaintiff,

v.                                      CASE NO:

AARON CULPEPPER, and TOP LINE
GROUP, INC.,

      Defendants.

_____/

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

KINSALE INSURANCE COMPANY ("Kinsale") files suit against AARON CULPEPPER ("Culpepper") and TOP LINE GROUP, INC. ("Top Line"), and alleges:

**NATURE OF ACTION**

1. This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to determine there is no coverage for a claimant who was injured in a drive-by shooting under policies of insurance that include Absolute Firearms Exclusions, Assault and Battery Exclusions, and Absolute Motorized Vehicles Exclusions.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the shooting alleged in the Underlying Action occurred in Miami-Dade County, Florida; the Underlying Action is pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida; Top Line's

principal place of business is in this District; and a substantial part of the events or omissions giving rise to this coverage dispute occurred in this District.

4.      All conditions precedent occurred, have been performed, or were waived.

## THE PARTIES

5.      Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is accordingly a citizen of Arkansas and Virginia. For purposes of this action, Kinsale is a surplus lines insurer that issued liability policies to Top Line.

6.      Culpepper is domiciled in Miami-Dade County, Florida. Culpepper is accordingly a citizen of Florida.

7.      Top Line is a Florida corporation with its principal place of business in Miami-Dade County, Florida. Top Line is accordingly a citizen of Florida.

## THE SHOOTING

8.      On 02/28/2024, Culpepper was the victim of a felony aggravated assault/battery during which a gun was discharged. (*See* Incident Report, which is attached as Exhibit "A.")

9.      According to the Incident Report, Officer Ruddens Cherrelus was dispatched to 1310 NW 67th Street where she observed a blood trail leading to Apartment 104. (*Id.*)

10.      Upon entering, Officer Cherrelus "observed 2 males … with what appeared to be gunshot wounds to their bodies." The officer noted Culpepper "suffered a gunshot wound to the head" and was transported to a nearby trauma unit to treat his injuries. (*Id.*)

11.      On 02/23/2026, Culpepper filed suit against Top Line and others in circuit court in Miami-Dade County, Florida, in a lawsuit *Aaron Culpepper v. Top Line Group, Inc. et al.*, Case Number 2026-003765-CA-01. (*See* Complaint, which is attached as Exhibit "B.")

12.     According to the complaint, on 02/28/2024, Culpepper was a resident at Liberty Square Apartments, where Top Line provided security services. (*Id*. at ¶¶31, 38.)

13.      "[A] vehicle approached and opened fire in [Culpepper's] direction, shooting [Culpepper] multiple times." (*Id*. at ¶ 43.)

14.     The "shooting" was sudden and unprovoked. (*Id*. at ¶ 44.)

15.     The complaint alleges Top Line breached its duty by, among other things, failing to provide adequate security, failing to adequately train and supervise security personnel, and failing to warn, protect, and guard residents against the risk of shooting. (*Id.* at ¶¶ 108, 111.)

16.     According to the complaint, Top Line's negligence allegedly "proximately caused the violent and criminal attack" and "criminal assault and battery" on Culpepper. (*Id.* at ¶ 116.)

17.     As a result of the "shooting" and "criminal assault and battery," Culpepper suffered bodily injury. (*Id.* at ¶¶ 44, 116-117.)

## THE KINSALE POLICIES

18.     Top Line applied for and purchased a commercial general liability policy as the Named Insured, bearing Policy Number 0100185965-3, and providing coverage on a claims made and reported basis effective from 04/05/2025 to 04/05/2026 ("Primary Policy"). (*See* Primary Policy, which is attached as Exhibit "C.") The Primary Policy's Retroactive Date is April 5, 2022.

19.     Before the Primary Policy was issued and delivered to Top Line, all forms and endorsements were disclosed to Top Line in a Quote. (*See* Primary Policy Quote, which is attached as Exhibit "D.")

20.     Before the Primary Policy was issued and delivered to Top Line, all forms and endorsements were disclosed to Top Line in a Binder. (See Primary Policy Binder, which is attached as Exhibit "E.")

21.     Top Line also applied for and purchased a surplus lines commercial excess liability policy, bearing Policy Number 0100218005-3, and providing coverage on a claims made and reported basis effective from 04/05/2025 to 04/05/2026 ("Excess Policy"). (*See* Excess Policy, which is attached as Exhibit "F.") The Excess Policy's Retroactive Date is November 4, 2022.

22.     Before the Excess Policy was issued and delivered to Top Line, all forms and endorsements were disclosed to Top Line in a Quote. (*See* Excess Quote, which is attached as Exhibit "G.")

23.     Before the Excess Policy was issued and delivered to Top Line, all forms and endorsements were disclosed to Top Line in a Binder. (*See* Excess Binder, which is attached as Exhibit "H.")

24.     Kinsale is providing Top Line with a defense in the underlying action under a complete reservation of rights, which Top Line accepted.

<u>**COUNT I – NO COVERAGE UNDER**</u>
<u>**THE ABSOLUTE FIREARMS EXCLUSION**</u>
(Primary Policy)

25.     Kinsale incorporates paragraphs 1 through 24.

26.     The Primary Policy includes an endorsement labelled "ABSOLUTE EXCLUSION – FIREARMS" ("Absolute Firearms Exclusion") that provides:

**ABSOLUTE EXCLUSION – FIREARMS**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**
The following exclusion is added to this Policy:
This insurance does not apply to any claim or "suit" arising directly or indirectly out of, related to, or in any way involving the use of any firearm.

This exclusion applies to any claim or "suit" regardless of whether the use of a firearm is the initial precipitating cause or is in any way a cause of "bodily injury", "property damage", or "personal and advertising injury" and regardless of whether

any other actual or alleged cause contributed concurrently, proximately, or in any other sequence, including whether any actual or alleged "bodily injury", "property damage", or "personal and advertising injury" arises out of a chain of events that involves or includes the use of a firearm at any point.

This exclusion applies regardless of intent and regardless of the particular cause of action asserted including, but not limited to, negligence or other wrongdoing in:

(1)   The prevention or suppression, or failure to prevent or suppress, any such act or incident;

(2)   The insured's actual or alleged negligent employment, supervision, hiring, training, or retention of any "employee", independent contractor, or any other person or organization;

(3)   Reporting or failure to report to the proper authorities any act or incident involving the use of a firearm;

(4)   Conducting or failing to conduct an investigation or background check; or

(5)   Providing or failing to provide first aid or medical treatment for any injury arising out of the use of a firearm.

(*See* Ex. C at Form CAS3111 1121, Pg. 1/1.)

27.   The Primary Policy includes an endorsement labeled "ADDITIONAL POLICY EXCLUSIONS," which includes a Duty to Defend exclusion that provides: "Where there is no coverage under the Policy, there is no duty to defend." (*Id.* at Form CAS3043 0621, Pg. 2/3.)

28.   Top Line was sued over a drive-by shooting where Top Line provided security services. Specifically, "a vehicle approached and opened fire in [Culpepper's] direction, shooting [Culpepper] multiple times." (Ex. B at ¶ 43.)

29.   Accordingly, Kinsale has no duty to defend or pay damages under the Primary Policy's Absolute Firearms Exclusion.

<u>**COUNT II – NO COVERAGE UNDER THE**</u>
<u>**ASSAULT AND BATTERY EXCLUSION**</u>
(Primary Policy)

30.   Kinsale incorporates paragraphs 1 through 24.

31.     The Primary Policy includes an endorsement labeled "EXCLUSION – ASSAULT

AND BATTERY" ("Assault and Battery Exclusion") that provides:

### EXCLUSION – ASSAULTAND BATTERY

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:

1.      The prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contact, or threat;

2.      The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat;

3.      The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, harmful or offensive contact, or threat;

4.      Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense

5.      The reporting or failing to report to the proper authorities;

6.      Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat;

7.      Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been an assault, battery, harmful or offensive contact, or threat;

8.      Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

9.      The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items 1. through 8. above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" regardless of whether assault, battery, harmful or offensive contact, or threat is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, harmful or offensive conduct.

For purposes of this endorsement, **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, **item a. Expected or Intended Injury** is deleted and replaced with the following

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

(*See* Ex. C at Form CAS3002 1016, Pg. 1/1.)

32.      Top Line was sued over a drive-by shooting at or near Liberty Square Apartments, where Top Line provided security services. Specifically, the complaint alleges Top Line's negligence "proximately caused the violent and criminal attack" and "criminal assault and battery" on Culpepper. (Ex. B at ¶ 116.)

33.      Accordingly, because the Underlying Action arises out of, relates to, or in any way involves an alleged assault, battery, harmful or offensive contact, or threat—including alleged failures to prevent, suppress, warn against, or provide a safe environment from such conduct—Kinsale has no duty to defend or indemnify Top Line under the Primary Policy's Assault and Battery Exclusion.

## COUNT III – NO COVERAGE UNDER THE ABSOLUTE MOTORIZED VEHICLES EXCLUSION
(Primary Policy)

34.      Kinsale incorporates paragraphs 1 through 24.

35.     The Primary Policy includes an endorsement labeled "ABSOLUTE EXCLUSION

– MOTORIZED VEHICLES" ("Absolute Motorized Vehicles Exclusion") that provides:

**ABSOLUTE EXCLUSION – MOTORIZED VEHICLES**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this Policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving the operation, maintenance, use, entrustment to others, or "loading or unloading" of any motorized vehicle of any type. Motorized vehicle includes, but is not limited to:

1.     "Autos";

2.     Motorized bicycles, electric bicycles;

3.     All-Terrain Vehicles (ATVs), Utility Task Vehicles (UTVs);

4.     Golf carts, club carts/cars;

5.     "Mobile equipment"; and

6.     Mopeds, motor scooters, electric scooters.

This exclusion applies to any claim or "suit" regardless of whether any motorized vehicle is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that involves any motorized vehicle.

(*See* Ex. C at Form CAS3105 0321, Pg. 1/1.)

36.     Top Line was sued over a drive-by shooting at or near Liberty Square Apartments,

where Top Line provided security services. Specifically, while walking adjacent to the property,

"a vehicle approached and opened fire in [Culpepper's] direction, shooting [Culpepper] multiple

times." (Ex. B at ¶ 43.)

37.     Accordingly, Kinsale has no duty to defend or pay damages under the Primary Policy's Absolute Motorized Vehicles Exclusion.

**COUNT IV – NO COVERAGE UNDER THE
ABSOLUTE FIREARMS EXCLUSION**
(Excess Policy)

38.     Kinsale incorporates paragraphs 1 through 24.

39.     The Excess Policy includes an endorsement labeled "ABSOLUTE EXCLUSION – FIREARMS" ("Absolute Firearms Exclusion") that provides:

**ABSOLUTE EXCLUSION – FIREARMS**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL EXCESS LIABILITY COVERAGE**

The following exclusion is added to this Policy:

This insurance does not apply to any claim or suit arising directly or indirectly out of, related to, or in any way involving the use of any firearm.

This exclusion applies to any claim or suit regardless of whether the use of a firearm is the initial precipitating cause or is in any way a cause of bodily injury, property damage, personal and advertising injury or any other injury or damage and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged bodily injury, property damage, personal and advertising injury or other injury or damage, arises out of a chain of events that involves or includes the use of a firearm at any point.

This exclusion applies regardless of intent and regardless of the particular cause of action asserted including, but not limited to, negligence or other wrongdoing in:

1.     The prevention or suppression, or failure to prevent or suppress, any such act or incident;

2.     The insured's actual or alleged negligent employment, supervision, hiring, training, or retention of any employee, independent contractor, or any other person or organization;

3.     Reporting or failure to report to the proper authorities any act or incident involving the use of a firearm;

4.      Conducting or failing to conduct an investigation or background check; or

5.      Providing or failing to provide first aid or medical treatment for any injury arising out of the use of a firearm.

(*See* Ex. F at Form CAX3162 1121, Pg. 1/1.)

40.     The Excess Policy includes base form CAX0001 0817, which includes a Duty to Defend exclusion that provides: "Where there is no coverage under the Policy, there is no duty to defend." (*Id.* at Form CAX0001 0817, Pg. 3/11.)

41.     Top Line was sued over a drive-by shooting where Top Line provided security services. Specifically, "a vehicle approached and opened fire in [Culpepper's] direction, shooting [Culpepper] multiple times." (Ex. B at ¶ 43.)

42.     Accordingly, Kinsale has no duty to defend or pay damages under the Excess Policy's Absolute Firearms Exclusion.

<u>**COUNT V – NO COVERAGE UNDER THE**
**ASSAULT AND BATTERY EXCLUSION**</u>
(Excess Policy)

43.     Kinsale incorporates paragraphs 1 through 24.

44.     The Excess Policy includes an endorsement labeled "EXCLUSION – ASSAULT, BATTERY, ABUSE, OR MOLESTATION" ("Assault and Battery Exclusion") that provides:

**EXCLUSION - ASSAULT, BATTERY, ABUSE, OR MOLESTATION**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL EXCESS LIABILITY COVERAGE**

The following exclusion is added to this Policy:

This insurance does not apply to any claim or suit for bodily injury or property damage, or any other injury or damage, arising out of, related to, or in any way involving any actual or alleged assault, battery, abuse, or molestation. Assault, battery, abuse, or molestation includes, but is not limited to, any conduct, physical

act, gesture, sexual contact (whether or not consensual), sexual molestation, sexual or physical assault or battery, sexual abuse, sexual harassment or exploitation, harmful, unwanted or offensive contact, or spoken or written words of a sexual or physically violent nature, whether provoked or unprovoked.

This exclusion includes but is not limited to:

a.     The prevention or suppression of, or the failure to suppress or prevent any assault, battery, abuse, or molestation;

b.     The failure to provide an environment safe from any assault, battery, abuse or molestation, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, abuse, or molestation;

c.     The selling, servicing, or furnishing of alcoholic beverages resulting in any assault, battery, abuse, or molestation;

d.     The reporting or failing to report to the proper authorities;

e.     Conducting or failing to conduct an investigation of any assault, battery, abuse, or molestation;

f.     Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

g.     Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been any assault, battery, abuse or molestation;

h.     Any assault, battery, abuse, or molestation, whether caused by, or at the instigation, instruction, direction, or due to the negligence of the insured, the insured's employees, agents, patrons, customers, or any other person arising from any cause whatsoever; or

i.     The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items a. through h. above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or suit regardless of whether assault, battery, abuse, or molestation is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged bodily injury or property damage, or any other injury or damage, arises out of a chain of events that includes any assault, battery, abuse, or molestation.

(*See* Ex. F at Form CAX3178 0322, Pg. 1/1.)

45.     Top Line was sued over a drive-by shooting at or near Liberty Square Apartments, where Top Line provided security services. Specifically, the complaint alleges Top Line's negligence "proximately caused the violent and criminal attack" and "criminal assault and battery" on Culpepper. (Ex. B at ¶ 116.)

46.     Accordingly, Kinsale has no duty to defend or pay damages under the Excess Policy's Assault and Battery Exclusion.

### COUNT VI – NO COVERAGE UNDER THE ABSOLUTE MOTORIZED VEHICLES EXCLUSION
(Excess Policy)

47.     Kinsale incorporates paragraphs 1 through 24.

48.     The Excess Policy includes an endorsement labeled "ABSOLUTE EXCLUSION – MOTORIZED VEHICLES" ("Absolute Motorized Vehicles Exclusion") that provides:

**ABSOLUTE EXCLUSION – MOTORIZED VEHICLES**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL EXCESS LIABILITY COVERAGE**

The following exclusion is added to this Policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving the operation, maintenance, use, entrustment to others, or "loading or unloading" of any motorized vehicle of any type. Motorized vehicle includes, but is not limited to:

1.      "Autos";

2.      Motorized bicycles, electric bicycles;

3.      All-Terrain Vehicles (ATVs), Utility Task Vehicles (UTVs);

4.      Golf carts, club carts/cars;

5.       "Mobile equipment"; and

6.       Mopeds, motor scooters, electric scooters.

This exclusion applies to any claim or "suit" regardless of whether any motorized vehicle is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that involves any motorized vehicle.

(*See* Ex. F at Form CAX3066 0321, Pg. 1/1.)

49.      Top Line was sued over a drive-by shooting at or near Liberty Square Apartments, where Top Line provided security services. Specifically, while walking adjacent to the property, "a vehicle approached and opened fire in [Culpepper's] direction, shooting [Culpepper] multiple times." (Ex. B at ¶ 43.)

50.      Accordingly, Kinsale has no duty to defend or pay damages under the Excess Policy's Absolute Motorized Vehicles Exclusion.

## **RELIEF REQUESTED**

Kinsale respectfully requests that the Court:

a)      Take jurisdiction and adjudicate the rights of the parties under the policies.

b)      Declare the following:

     i.      Kinsale has no duty to defend or indemnify Top Line under the Primary Policy's Absolute Firearms Exclusion;

     ii.      Kinsale has no duty to defend or indemnify Top Line under the Primary Policy's Assault and Battery Exclusion;

     iii.      Kinsale has no duty to defend or indemnify Top Line under the Primary Policy's Absolute Motorized Vehicles Exclusion;

     iv.      Kinsale has no duty to defend or indemnify Top Line under the Excess Policy's Absolute Firearms Exclusion;

    v.      Kinsale has no duty to defend or indemnify Top Line under the Excess Policy's Assault and Battery Exclusion;

    vi.     Kinsale has no duty to defend or indemnify Top Line under the Excess Policy's Absolute Motorized Vehicles Exclusion;

    vii.    Kinsale is entitled to reimbursement of attorneys' fees and expenses incurred defending Top Line because there is no coverage under the policies.

c)    Award Kinsale all costs to prosecute this action.

d)    Award Kinsale any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/SERGIO BUENO
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us
**COLSEN CENTNER**
Florida Bar No. 1058625
Colsen.Centner@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646